UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                          Criminal No. 12-cr-101-01-JD

Ryan Howe


O R D E R

On August 8, 2012, a federal grand jury returned an indictment charging Ryan Howe with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("Count One") and possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d) and 5871. Howe moves to dismiss Count One. The government objects to the motion.


Background

Howe was convicted of carrying a firearm without a license in violation of N.H. Rev. Stat. Ann ("RSA") 159:4, a class B felony, on May 12, 1995. He received a deferred sentence of a maximum of two years in prison and was placed on probation. On August 22, 1997, Howe was convicted of violating his probation, and was sentenced to one year in prison. He finished serving his sentence and was released from prison in late 2000.[1] Howe was

---

[1] Howe began serving his sentence in August 1997 but was granted bail pending appeal in November 1997. He lost his appeal in April 2000, and resumed serving his sentence in July 2000. Therefore, although Howe was sentenced in 1997 to a prison term of one year, he finished serving his sentence in late 2000.

also convicted of disorderly conduct on May 13, 2002, and fined $250.

Howe is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("Count One") and possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d) and 5871. He moves to dismiss Count One.

## Discussion

In support of his motion to dismiss, Howe argues that he is not a felon for purposes of § 922(g)(1) because his civil rights, including his right to serve on a jury, had been restored before the time of the alleged offense. The government contends that Howe's right to serve on a jury had not been restored because his conviction had not been annulled.

### A. Felon for Purposes of § 922(g)(1)

Section 922(g)(1) makes it illegal for anyone "who has been convicted in any court of, [sic] a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. Section 921(a)(20) provides:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had his civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Therefore, § 922(g)(1) provides an exception for those who have had their civil rights restored after conviction of a felony. See United States v. Hartsock, 347 F.3d 1, 10 (1st Cir. 2003); United States v. Bartelho, 71 F.3d 436, 440 (1st Cir. 1995). In the First Circuit, "the civil rights that must be restored to trigger the exception are the rights to vote, to hold public office, and to serve on a jury." United States v. Estrella, 104 F.3d 3, 5-6 (1st Cir. 1997); see also United States v. Blodgett, 130 F.3d 1, 3 (1st Cir. 1997).

Howe and the government agree that Howe's right to vote and hold public office were restored before September 15, 2011, when he was charged with being a felon in possession of a firearm in violation of § 922(g)(1). See RSA 607-A:2 (providing that a person sentenced for a felony may not vote in an election or hold public office "from the time of his sentencing until his final discharge"). They disagree, however, as to whether Howe's right to serve on a jury was restored prior to his alleged violation of § 922(g)(1). Therefore, whether Howe was a felon under § 922(g)(1) depends on whether his right to serve on a jury was restored.

B.  Right to Serve on a Jury

RSA 500-A:7-a provides: "[a] juror shall not have been convicted of any felony which has not been annulled or which is not eligible for annulment under New Hampshire law." Howe argues

3

that the proper interpretation of 500-A:7-a prohibits jury service by a felon whose (1) conviction has not been annulled or (2) conviction is not yet eligible to be annulled. He contends that because his conviction became eligible for annulment several years before September 15, 2011, his right to serve on a jury had been restored at the time of the charged offense.

The government does not dispute that Howe's felony conviction was eligible to be annulled under New Hampshire law at the time of his alleged violation of § 922(g)(1). It contends, however, that RSA 500-A:7-a prohibits jury service by anyone convicted of a felony which has yet to be annulled or which could never be annulled. The government argues that because Howe's felony conviction was not annulled, his right to serve on a jury was not restored.

"It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" United States v. Cortes-Claudio, 312 F.3d 17, 21 (1st Cir. 2002) (quoting Duncan v. Walker, 533 U.S. 167, 174 (2001)). Therefore, "no construction should be adopted which would render statutory words or phrases meaningless [or] redundant." United States v. Ven-Fuel, Inc., 758 F.2d 741, 751-52 (1st Cir. 1985).

In this case, the government's reading of RSA 500-A:7-a would render the language "which is eligible for annulment"

4

meaningless. Under the government's reading, the statute prohibits the following two types of felons from serving on a jury: (1) those whose felony convictions have not been annulled, and (2) those whose felony convictions are in the class of felonies that are never eligible for annulment, such as violent crimes or crimes of obstruction of justice, see RSA 651:5(V). Such a reading, however, would render reference to the second type of felon superfluous, as a person convicted of one of the class of felonies which can never be annulled would be, by definition, a person whose felony conviction has not been annulled. In other words, under the government's reading, if the phrase "or which is eligible for annulment" were eliminated from the statute, the statute would still have the same effect. Thus, the government's interpretation makes part of the statute superfluous and violates a basic principle of statutory construction.

Under the plain meaning of the statute, an individual who has committed a felony may serve on a jury if his conviction is eligible for annulment. RSA 651:5(III)(d) provides, "any person convicted of [a class B felony] may petition for annulment of the record of arrest, conviction, and sentence where the petitioner has completed all the terms and conditions of the sentence and has thereafter been convicted of no other crime . . . for a period of . . . 5 years." Howe was convicted of a class B felony and completed the terms and conditions of his sentence for his

5

felony conviction in 2000. Howe's last criminal conviction, for disorderly conduct, was on May 13, 2002, more than five years before his alleged violation of § 922(g)(1). Therefore, under § 651:5(III)(d), Howe's felony conviction was "eligible for annulment under New Hampshire law" on September 15, 2011, when he was charged with a violation of § 922(g)(1). Therefore, his right to serve on a jury had been restored at that time.

Accordingly, because Howe's civil rights were restored at the time of his alleged violation of § 922(g)(1), he is not considered a felon under that statute.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss Count One (document no. 8) is granted.

SO ORDERED.

/s/ Joseph A. DiClerico
Joseph A. DiClerico, Jr.
United States District Judge

October 4, 2012

cc: Jeffrey S. Levin, Esq.
    Debra M. Walsh, Esq.
    U.S. Probation
    U.S. Marshal